UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **MELANIE R. MAYER** | **13-13220** |
| | **SECTION A** |
| DEBTOR | CHAPTER 7 |

## REASONS FOR DECISION

This matter is before the Court pursuant to Melanie R. Mayer's ("Debtor") Motion to Reopen to Cancel Inscription/Avoid Judgment Lien,[1] along with Debtor's supporting memorandum[2] and supplemental supporting memorandum.[3] No opposition has been filed with respect to the instant motion.

**I. Findings of Fact**

Among Debtor's assets was rental property located at 9295 Old Southwick Pass, Fulton County, Alpharetta, Georgia. The home had a fair market value of $650,000.00.[4] JP Morgan Chase Bank, N.A. held a first mortgage over the property securing a debt with a balance of $1,100,000.00.[5] A second mortgage was held by SunTrust and secured an additional debt with a balance of $298,178.00.[6]

---

[1] P-36.

[2] P-40.

[3] P-43.

[4] P-1, Schedule A.

[5] P-1, Schedule D.

[6] P-1, Schedule D.

Debtor filed a voluntary petition for relief under the United States Bankruptcy Code, Chapter 7, on November 21, 2013.[7] Prior to the filing of Debtors' bankruptcy proceeding, but subsequent to the recordation of the first and second mortgages, a writ of execution in the amount of $180,000.00 plus interest, attorney's fees and costs was recorded against Debtor in the records of the Clerk of Court for Fulton County, Georgia.[8] The writ of execution, arising from a Judgment taken against Debtor by creditor Pat Huddleston, II, encumbers Debtor's rental property but is subordinate in rank to the two (2) mortgage liens on the property. *In re Register*, 37 B.R. 708, 710 (Bankr. N.D. Ga. 1983) (In Georgia, the general rule is that liens are ranked according to the date they are recorded).

Once the amount of indebtedness secured by the mortgages is deducted from the value of Debtor's rental property, the remaining equity or value in the property available to secure the judgment lien is $0. As such, Debtor asserts that the judicial lien should be avoided.

The issue before the Court is whether under *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992), a nonconsensual judicial lien may be avoided if insufficient equity exists to secure its debt.

**II. Analysis**

In *Dewsnup*, a debtor sought to avoid a mortgage or consensual lien secured by his property. The value of the property was substantially less than the balance due. Citing 11 U.S.C. § 506(d),[9] the debtor asserted the right to avoid the lien to the extent it exceeded the value of his property.

---

[7] P-1.

[8] P-36-2.

[9] §506(d) provides, in pertinent part: "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . . ."

2

In the context of a Chapter 7 proceeding, the *Dewsnup* Court held that § 506(d) does not allow a debtor to "strip down" or avoid a consensual mortgage lien, reasoning that the debt was secured and had been fully allowed under 11 U.S.C. § 502. *Id*. at 417.[10] The *Dewsnup* Court specifically limited its holding to the facts before it, providing: "We . . . focus upon the case before us and allow other facts to await their legal resolution on another day." *Id*. at 416-17. Unlike *Dewsnup*, this case involves a nonconsensual judicial lien.

Based upon the specific issue before the Supreme Court, *i.e.*, whether a consensual mortgage lien can be avoided, and the fact that the Court specifically limited its holding to the facts of the case, several courts have strictly interpreted *Dewsnup*, holding that it does not apply to nonconsensual judicial liens. *See In re Blair*, 2001 WL 36404548, *1-2 (Bkrtcy. S.D. Ga. Jan. 19, 2001) (nonconsensual judicial lien is not protected by safe harbor ruling in *Dewsnup*); *Butler v. Southern O Corporation*, 196 B.R. 329, 330 (Bkrtcy W.D. Va. May 21, 1996) (*Dewsnup* not applied to nonconsensual judicial lien); *In re Howard*, 184 B.R. 644, 647 (Bkrtcy. E.D. N.Y. Aug. 2, 1995) (*Dewnup* not applicable to defendant's judicial lien); *In re Jones*, 166 B.R. 657, 662 n.7 (Bkrtcy. N.D. Ill. April 22, 1994) (*Dewsnup* not applicable to a judicial lien); *In re Prestegaard*, 139 B.R.

---

[10] In *Bank of America, N.A. v. Caulkett*, __ U.S. __, 135 S.Ct. 1995, 192 L.Ed.2d 52 (2015), the Court implicitedly endorsed *Dewsnup*, holding that in a Chapter 7 bankruptcy proceeding, a debtor cannot avoid a consensual mortgage lien which exceeds the value of the collateral. The Court's holdings in *Dewsnup* and *Caulkett* are limited to Chapter 7 proceedings. In Chapter 11 and 13 actions, consensual mortgage liens are avoidable. *See, e.g. Wade v. Bradford*, 39 F.3d 1126, 1129 (10th Cir. 1994) (Chapter 11 debtors allowed to strip creditor's consensual mortgage lien down to the value of the collateral); *In re Bartee*, 212 F.3d 277, 291 (5th Cir. 2000) (Chapter 13 debtor allowed to strip entirely unsecured consensual mortgage lien); *In re Schmidt*, 765 F.3d 877, 879 (8th Cir. 2014) (same); *In re Davis,* 716 F.3d 331, 334–39 (4th Cir. 2013) (same); *In re Zimmer,* 313 F.3d 1220, 1222–27 (9th Cir. 2002) (same); *In re Lane,* 280 F.3d 663, 665–69 (6th Cir. 2002) (same); *In re Pond,* 252 F.3d 122, 124–27 (2nd Cir. 2001) (same); *In re Tanner,* 217 F.3d 1357, 1358–60 (11th Cir. 2000) (same); *In re McDonald,* 205 F.3d 606, 609–15 (3rd Cir. 2000) (same).

117, 120 (S.D. N.Y. April 22, 1992) (*Dewsnup* inapplicable to judicial lien).[11]

After considering the various opinions interpreting *Dewsnup* and in accordance with *Dewsnup's* instruction to confine its ruling to the facts before it, a narrow interpretation of its effect is warranted. To begin, § 506 provides a debtor with the right to "cram down" a secured claim to the value of the property encumbered. The remaining undersecured portion or deficiency is then treated as an unsecured claim. Chapter V is generally applicable to all chapters under bankruptcy.

The bankruptcy code does not define a secured claim except to provide in § 506, that a secured claim encumbers property of the estate. The Code defines an "allowed claim" as one to which "a party in interest" does not object. 11 USC § 502(a). Therefore, an allowed secured claim would be a claim to which no objection has been raised or granted and that is secured by property of the estate. By challenging the claim, a debtor necessarily is objecting to allowance. Thus, § 506 provides a mechanism for challenging the extent of a secured claim's reach over property of the estate.

*Dewsnup* held that a secured, consensual lien could not be avoided because by its nature it was an allowed secured claim. The *Dewsnup* Court conflated consensual with "allowed," failing to address the bankruptcy principle that an allowed claim is one not subject to objection. The interplay between the bankruptcy concepts of "allowance" and "secured claims" and the difference between them was not properly examined by the *Dewsnup* Court.

---

[11] *But see In re Concannon*, 338 B.R. 90, 97 (9th Cir. BAP 2006) (*Dewsnup* stripping prohibition applies to nonconsensual judicial lien); *Boring v. Promistar Bank*, 312 B.R. 789, 797 (W.D. Pa. Aug. 5, 2004) (*Dewsnup* prevents stripping off of allowed, nonconsensual judicial lien); *Crossroads of Hillsville v. Payne*, 179 B.R. 486, 490 (W.D. Va. March 14, 1995) (*Dewsnup* decision applies to all liens in a Chapter 7 bankruptcy whether consensual or nonconsensual); *In re Esler*, 165 B.R. 583, 584 (Bkrtcy. D. Md. March 17, 1994) (*Dewsnup* is equally applicable to consensual and nonconsensual liens).

The *Dewsnup* Court also failed to explain how under its interpretation of § 506(a), § 506(d) could ever be applicable to any chapter of the bankruptcy code. By holding that an undersecured claim was by definition an allowed secured claim, no secured claim could ever be bifurcated. Thus, *Dewsnup's* interpretation effectively eliminated any application of § 506(d) which, by its very terms, is employed to reduce undersecured claims to the value of the property.

The *Dewsnup* interpretation also violates the general rules of statutory construction which require courts give effect to the plain reading of a statute if to do so does not lead to absurd results. *Mach Min., LLC v. Secretary of Labor, Mine Safety and Health Admin.* 728 F.3d 643, 647 (7th Cir. 2013), *cert. denied*, 2014 WL 1515720 (2014) (cardinal rule of statutory interpretation is that courts must adhere to the plain meaning of the statutory language). The logical extension of *Dewsnup's* holding also reads out any use of § 506(d) under any chapter. This violates yet another principle of legislative construction, which warns when faced with ambiguity in construction, courts are to interpret statutes so as to give effect to the entirety of the statute rather than adopt a construction that eliminates a provision entirely. *BNSF Ry. Co. v. U.S.,* 2014 WL 983196, n. 89 (5th Cir. 2014) (quoting *Colautti v. Franklin*, 439 U.S. 379, 392, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979) ("a cardinal rule of statutory construction is that 'a statute should be interpreted so as not to render one part inoperative.'")).

The *Dewsnup* Court might have, but did not, base its ruling on the requirement that the collateral be "property of the estate" as in *Dewsnup* the Trustee had abandoned the collateral as unworthy of administration. Abandonment removes the property from the estate. *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 123 (2nd Cir. 2008), *cert. denied*, 555 U.S. 1213, 129 S.Ct. 1534, 173 L.Ed.2d 658 (2009) ("[o]nce asset is abandoned, it is removed from the bankruptcy estate

5

. . . ."). Thus application of § 506(d) might be limited to liens involving property still in the estate, a fact not present in *Dewsnup*.

For the above reasons, *Dewsnup's* holding has been questioned and limited. *See In re Cunningham*, 246 B.R. 241, 246 (Bkrtcy. D. Md. March 23, 2000) (citing Lawrence Ponoroff & F. Stephen Knippenberg, *The Immovable Object Versus the Irresistible Force: Rethinking the Relationship Between Secured Credit and Bankruptcy Policy*, 95 Mich. L. Rev. 2234 (1997); Margaret Howard, *Secured Claims in Bankruptcy: An Essay on Missing the Point*, 23 Cap. U. L. Rev. 313 (1994); Barry E. Adler, *Creditors Rights After Johnson and Dewsnup*, 10 Bankr. Dev. J. 1 (1993); Margaret Howard, *Dewsnupping the Bankruptcy Code*, 1 J. Bankr. L. & Prac. 513 (1992)) It is for these reasons that this Court finds *Dewsnup's* directive to limit its application narrowly and on its facts to be both warranted and preferable. *Dewsnup*'s holding is limited to the avoidance of consensual mortgage liens. Therefore, nonconsensual judicial liens are avoidable.

The $650,000.00 value of the rental property located at 9295 Old Southwick Pass, Fulton County, Alpharetta, Georgia, is entirely subsumed by the first mortgage lien in the amount of $1,100,000.00. As such the judicial lien of Pat Huddleston, II, shall be avoided.

A separate Order will be rendered in accord with these Reasons for Decision.

New Orleans, Louisiana, November 20, 2015.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge